UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOYLYNN T. WATERS,

    Plaintiff,

v.                                                  CASE NO. 8:19 – cv - 1170

UMA EDUCATION, INC d/b/a ULTIMATE
MEDICAL ACADEMY,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, JOYLYNN T. WATERS (hereafter, "Plaintiff"), by and through her undersigned counsel, and hereby files this Complaint against Defendant, UMA EDUCATION, INC d/b/a ULTIMATE MEDICAL ACADEMY (hereafter, "Defendant"), and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. This is an action for damages that exceed $ 15,000.00, exclusive of costs, interest, and attorney's fees by Plaintiff against her former employer for violation of the Title VII of the Civil Rights Act, 42 U.S.C.A §2000e, *et. seq.*, as amended by the Pregnancy Discrimination ACT ("Title VII" or "PDA").

2. Venue is proper in the Tampa Division of the Middle District of Florida pursuant to 42 U.S.C. § 2000(e)-5(f)(3) and 28 U.S.C. § 1391(b) and (c) because the unlawful employment practices were committed within this judicial district.  All facts and circumstances arising from this dispute took place in Hillsborough County, Florida.

3. Plaintiff is an individual who resided in Hernando County, Florida, during the time of her employment with Defendant and all times material herein.

4. Defendant is an "employer" as defined by 42 U.S.C. § 2000e(b) because it is engaged in an industry affecting commerce and has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

## ADMINISTRATIVE PREREQUISITES

5. Plaintiff timely dual filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations (FCHR) alleging discrimination based on Americans with Disabilities and Retaliation, a copy of which is attached hereto and incorporated herein as Exhibit "A."

6. This action is filed within ninety (90) days of Plaintiff's receipt of her Notice of Right to Sue, dated February 19, 2019, in reference to EEOC Charge Number 511-2019-01006, from the U.S. Equal Employment Opportunity Commission, a copy of which is attached hereto and incorporated herein as Exhibit "B."

## GENERAL ALLEGATIONS

7. The Plaintiff was hired and began working as an Admissions Representative on May 21, 2018.

8. On or about June 28, 2018, the Plaintiff was subject to severe abdominal cramping and sharp pains in her chest. She was already scheduled for the full day off so she went to the emergency room. During this visit, the Plaintiff learned that she was pregnant.

9. On or about June 29, 2018, the Plaintiff returned to work the next assigned work day and was experiencing severe morning sickness. The Defendant's supervisor, Director Renato Galich noticed the Plaintiff's discomfort as she departed the restroom. He asked "what is that time of the month?" She replied by informing him she was pregnant. Mr. Galich went very quiet and cold towards the Plaintiff. Without saying anything else, he walked away from the Plaintiff.

10. The Plaintiff informed her supervisor that because of abdominal problems she was experiencing she needed to see a physician. She received approval for a doctor's visit on August 13, 2018.

11. The day of Plaintiff's first OB/GYN physician's appointment, August 13, 2019 she was out half the day.

12. Immediately upon returning to work, the Plaintiff approached Mr. Galich and brought him the physician's paperwork memorializing her physician's appointment. Mr. Galich skimmed through the documents from the Plaintiff and told her to go do her work. She did not have an opportunity to discuss future appointments because of Mr. Galich's dismissive attitude.

13. After her shift, the Plaintiff returned to Mr. Galich and informed him about the physician's visits she would need going forward. Specifically, she informed him she had physician's visits every few weeks and then every week during the final month of the pregnancy. The Director stated, "[I will] excuse this one appointment but cannot excuse the others and that her performance was being affected by these occurrences." The Plaintiff was incredible distressed. She responded "Renato, I don't really have a choice. I am having a baby." Plaintiff also informed the Director that her due date was December 2nd, 2018.

14. On August 15, 2018, the Plaintiff was terminated "due to her performance."

15. On June 30, 2017, the Plaintiff's employment with the Defendant was terminated.

### COUNT I: VIOLATION OF THE PREGNANCY DISCRIMINATION ACT

16. Title VII of the Civil Rights Act provides that it shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment,

because of such individual's race, color, religion, sex, or national origin. 42 U.S.C. 2000e-2(a)(1).

17. In 1978, Congress amended Title VII of the Civil Rights Act of 1964 to include the PDA, which expands Title VII's definition section to encompass pregnancy-based discrimination under the definition of sex discrimination: The terms "because of sex" or "on the basis of sex" include, but are not limited to, because or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment related purposes. 42 U.S.C. § 2000e(k).

18. It is a violation of Title VII to discharge, constructively discharge, discriminate or refuse to hire a woman because she is pregnant.

19. The Plaintiff was fully qualified for the position she held at all relevant times.

20. The Plaintiff had a strong work history and met or exceeded the Defendants' expectations for her performance in the position.

21. The Plaintiff was pregnant and therefore a member of the class protected under the PDA.

22. Defendants knew the Plaintiff was pregnant before it terminated her.

23. The Plaintiff was terminated because Defendants knew she was Pregnant.

24. As a direct, proximate and foreseeable result of the Defendants discriminatory actions, the Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress, the potential loss of future employment and other non-pecuniary losses and intangible injuries. As a result of such discrimination and consequent harm, the Plaintiff has suffered such damages in an amount according to proof.

25. Defendant's conduct was despicable and the acts herein alleged were malicious and oppressive, and were committed with an improper and evil motive to injure plaintiff, amounting to malice and in conscious disregard of plaintiff's rights.

   WHEREFORE, Plaintiff, JOYLYNN T. WATERS, respectfully demands judgment against Defendant, UMA EDUCATION, INC D/B/A ULTIMATE MEDICAL ACADEMY, for any and all damages available under the PDA, including, but not limited to backpay, front pay in lieu of reinstatement, other compensatory damages, prejudgment interest, punitive damages, attorneys' fees, costs of this action, and such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

26. Plaintiff, by and through her undersigned attorney, hereby demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by jury in this action.

Respectfully submitted this 15th day of May, 2019.

/s/ Frank M. Malatesta, Esq.
FRANK MALATESTA, ESQUIRE
Florida Bar No.: 0097080
Malatesta Law Office
871 Venetia Bay Blvd., Suite 235
Venice, FL 34285
Phone: (941) 256-3812
Fax: (888) 501-6612
Frank@malatestalawoffice.com
Staff@malatestalawoffice.com
Attorney for the Plaintiff